UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAREK LEE LATHAN, | ) | CASE NO. 3:05 CV 7460 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| ROB JEFFREYS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 5, 2005, plaintiff pro se Darek Lee Lathan filed the above-captioned action under 42 U.S.C. § 1983 against North Central Correctional Institution ("NCCI") Warden Rob Jeffreys, NCCI Institutional Inspector Terry Knight, NCCI Captain W.A. Freed, NCCI Lieutenant May, and NCCI Corrections Officer Dearth. In the complaint, plaintiff alleges he was unfairly placed in segregation and, upon his exoneration, was subjected to retaliation by the officer who brought the disciplinary charges against him. He seeks $ 16,000,000.00 in damages.

## *Background*

Mr. Lathan alleges that he was unjustly disciplined for being in the dining hall after his regular work shift had ended. He indicates he was scheduled to work a double shift in the dining hall on August 7, 2005 as sanction for a previous, unrelated conduct report. Officer Dearth, who was working as the dining hall supervisor on the day in question, called Mr. Lathan over to him and chastised him for being in the dining hall after his regular shift had ended. Mr. Lathan claims he told the Officer that he was there to preform "extra duty" on the orders of Corrections Officer Thomas. Officer Dearth did not believe the explanation and requested that Lieutenant May, who was also present, place Mr. Lathan in the segregation unit. After a verbal exchange between Mr. Lathan and Officer Dearth, Mr. Lathan was placed in handcuffs and escorted to the segregation unit. He contends that the officers did not investigate their charges by either examining the extra duty log book, or speaking directly with Officer Thomas.

Mr. Lathan's Housing Unit Staff Sergeant came to the segregation unit to conduct a hearing on the conduct report on the following day. At the hearing, the officer was able to confirm that Mr. Lathan was in fact in the dining hall to perform extra duty as a sanction for a previous conduct infraction. The charges against him were dismissed and he was allowed to return to the general population that same day.

When he returned to his cell, Mr. Lathan was approached by three inmates who informed him that Officer Dearth had been telling corrections officers that he had discovered Mr. Lathan and another inmate engaged in sexual intercourse in the dining hall on the day that Mr. Lathan was taken to the segregation unit. He contends he telephoned his uncle to tell him that he had been released from segregation and learned that his family had been telephoned earlier by another inmate who conveyed this rumor to them. Mr. Lathan informed his family that the allegation was false, and attempted to receive a public retraction of the rumor by Officer Dearth. As of the date that this pleading was filed, Mr. Lathan had not been successful in his endeavor. He asserts that the defendants violated his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments. He also includes multiple claims arising under Ohio law.

## *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover,

the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

To demonstrate compliance with § 1997e, Mr. Lathan attaches a copy of an Informal Complaint Resolution form focuses on Officer's Dearth spreading of the rumor of sexual intercourse with another inmate. A Notification fo Grievance form is also included which complains of Officer's Dearth bringing disciplinary charges and starting the rumor. He received a Disposition of Grievance which denied relief and appealed that decision to the office of the Chief Inspector. The Appeal challenges the decision of the Institutional Inspector and criticizes the investigation into his allegations. He indirectly mentions the actions of Corrections Officer Dearth, in his critique of the Inspector's investigation. Mr. Lathan indicates he has not yet received a reply to his appeal. No other grievances are attached to the pleading or mentioned in the body of the complaint.

3

Mr. Lathan has not demonstrated that he exhausted his administrative remedies for each claim against each defendant. The Informal Complaint Resolution and the Notification of Grievance forms are directed at Officer Dearth; however, he is barely mentioned in the appeal to the Chief Inspector. The appeal is directed at the Institutional Inspector's investigation. Lieutenant May and Warden Jeffreys are also mentioned for the first time in this appeal, although there are no specific allegations against them. Captain Freed is not mentioned at all in a grievance. While it is arguable that Mr. Lathan may have completed the grievance process for his claims either against Officer Dearth, if the appeal is strictly construed as an appeal of the Disposition of Grievance, or against Institutional Inspector Terry Knight if the appeal is liberally construed as a Notification of Grievance form filed directly with the Chief Inspector, there is no indication that he exhausted the remainder of his claims against Warden Rob Jeffreys, W.A. Freed, or Lieutenant May.

Until recently, when confronted with this type of situation, the court would simply dismiss the unexhausted claims and allow the plaintiff to proceed with those claims which were properly submitted through the grievance process. The district court, however, no longer has this option available. The United States Sixth Circuit Court of Appeals has adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Mr. Lathan has not demonstrated that he filed grievances for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

## *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e.

4

Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

       IT IS SO ORDERED.

                                                 s/ DAVID A. KATZ   3/6/06

                                                 DAVID A. KATZ
                                                 UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a) provides, in pertinent part:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.